UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARMARIE SILLIMAN,

                              Plaintiff,

                                                                     DECISION AND ORDER

                                                                         02-CV-6406L

                              v.

JOANNE B. BARNHART,
Commissioner of Social Security,

                              Defendant.
_____

       On February 15, 2006, plaintiff, in this action for Social Security benefits, moved for an order awarding attorney's fees pursuant to 42 U.S.C. § 406(b)(1). Plaintiff's attorney, William J. McDonald, Jr. ("McDonald"), seeks fees in the amount of $21,544.00 on the basis of a contingent-fee agreement between plaintiff and McDonald. The Commissioner responded to plaintiff's motion by letter dated March 21, 2006.

       For the reasons set forth below, plaintiff's motion (Dkt. #23) is granted.

       Applying the factors enunciated by the Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002), I find that the contingency-fee agreement between the parties and the amount of the requested fee under that agreement are reasonable. Plaintiff was awarded $102,176.20 for fourteen years of past-due benefits that date back to February 1991. Pursuant to the agreement between plaintiff and McDonald (Dkt. #23, Ex.E), McDonald is entitled to $25,554.00 in attorney's fees, an amount equal to twenty-five percent of the plaintiff's past-due benefits. The Commissioner already withheld $4000.00 from plaintiff's past-due benefits, and has awarded that sum to McDonald, leaving a balance owing of $21,554.00. McDonald also received an award of $6,050.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

For the same reasons the Court recently set forth in *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005), a similar Social Security case in which the same attorney, McDonald, sought fees pursuant to 42 U.S.C. § 406(b), I find that McDonald is entitled to the fee requested here. The character of the representation, McDonald's expertise in Social Security law, the result achieved, and the absence of any delay in the proceedings by McDonald, all support the reasonableness of the fee award. The Court also has considered the deference owed to the agreement between an attorney and client, the interest in assuring that attorneys continue to represent disability claimants, and the lack of any factor indicating that the requested award would result in a windfall to McDonald. *See Gisbrecht*, 535 U.S. at 805; *Joslyn*, 389 F.Supp.2d at 457.

Finally, the Commissioner acknowledges that it made an error by failing to withhold the entire attorney's fee award (twenty-five percent) from plaintiff's past-due benefits. Instead, the Commissioner withheld only $4000.00, and paid the remainder to plaintiff on or about December 28, 2005. On March 12, 2006, the Commissioner sent a letter to plaintiff and McDonald alerting them of the error, as well as plaintiff's obligation to pay her attorney the amount of the court-approved fee. The letter also informed plaintiff that if she did not pay the attorney's fee balance approved by the Court, the Commissioner would have to take action to withhold the amount from plaintiff's future benefits until the balance owing was paid in full.

Given plaintiff's clear obligation under the contingency-fee agreement to pay McDonald the fee, as well as the instant Order of the Court finding the fee to be reasonable and, as set forth below, directing plaintiff to pay the balance owing to McDonald. I expect full compliance by plaintiff.

**CONCLUSION**

Plaintiff's motion for attorney's fees (Dkt. #23) in the amount of $21,544.00 pursuant to 42 U.S.C. § 406(b)(1) is granted. The award is to be made payable to William J. McDonald, Jr., Esq., attorney for plaintiff. Plaintiff, Charmarie Silliman, is ordered to make full payment of this award

to McDonald **on or before April 14, 2006**. Upon receipt of full payment from plaintiff, and in accordance with *Gisbrecht* and the parties' agreement, McDonald is ordered to refund to the plaintiff the amount of $6050.00, representing fees previously awarded to McDonald pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The net result of these payments, to and fro, is that plaintiff must make payment to McDonald in the sum of $15,494.00.

    IT IS SO ORDERED.

                                          _____
                                              DAVID G. LARIMER
                                            United States District Judge

Dated: Rochester, New York
       March 27, 2006.